NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ALBERT HWANG,**
*Plaintiff-Appellant,*

v.

**UNITED STATES,**
*Defendant-Appellee.*

---

2010-5156

---

Appeal from the United States Court of Federal Claims in case no. 09-CV-246, Judge Thomas C. Wheeler.

---

Decided: February 17, 2011

---

ALBERT HWANG, of San Ramon, California, pro se.

PATRYK J. DRESCHER, Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, BRYANT G. SNEE, Deputy Director. Of counsel on the brief was MAJOR JENNIFER B. BOTTOMS, United States Army Litigation Division, of Arlington, Virginia.

_____

Before NEWMAN, SCHALL, and LINN, *Circuit Judges.*

PER CURIAM.

## DECISION

Albert Hwang appeals the final decision of the United States Court of Federal Claims granting the government's motion to dismiss and its motion for judgment upon the administrative record. *Hwang v. United States*, 94 Fed. Cl. 259 (2010). We *affirm*.

## DISCUSSION

### I.

Mr. Hwang entered active duty with the United States Army on September 12, 2002. He was honorably discharged on March 13, 2004, after being diagnosed with a delusional disorder.

In April of 2009, Mr. Hwang filed suit in the Court of Federal Claims alleging that his discharge was improper due to various Constitutional and procedural violations, including the Army's failure to refer him first to a Medical Evaluation Board ("MEB"). In due course, the court remanded Mr. Hwang's case to the Army Board for Correction of Military Records ("ABCMR" or "Board"). Upon remand, the Board found that Mr. Hwang's discharge was lawful and proper, but it offered him the option of proceeding before an MEB. Mr. Hwang chose not to proceed before an MEB. Instead, he filed an amended complaint in the Court of Federal Claims. In his amended complaint, Mr. Hwang again alleged that his discharge was improper on account of various procedural and Constitutional violations. He also alleged that the decision of the ABCMR was arbitrary and capricious.

On August 19, 2010, the Court of Federal Claims dismissed for lack of jurisdiction Mr. Hwang's claim that the Army had discriminated against him on the basis of his race and national origin. It also dismissed for lack of jurisdiction his claim that his discharge violated his Constitutional rights to due process under the First, Fifth, and Fourteenth Amendments. *Hwang*, 94 Fed. Cl. at 269-70. At the same time, the court granted the government's motion to dismiss and its motion for judgment on the administrative record with respect to the decision of the ABCMR, holding that the decision of the Board was neither arbitrary, capricious, unsupported by substantial evidence, nor contrary to law. *Id.* at 264, 271-77. Following entry of judgment dismissing his amended complaint, Mr. Hwang timely appealed. We have jurisdiction pursuant 28 U.S.C. § 1295(a)(3).

## II.

Mr. Hwang raises a number of arguments on appeal. None of them, however, persuades us that we should overturn the decision of the Court of Federal Claims. In the case of both its jurisdictional rulings and its affirmance of the decision of the ABCMR, the court's decision is thorough, well-reasoned, and free of legal error. The decision is therefore affirmed.

Each party shall bear its own costs.